UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ANDREW ROBERTS,

      Petitioner,

   v.                                              Case No. 10-C-0067

MICHAEL THURMER,

      Respondent.

ORDER SCREENING PETITION FOR WRIT OF HABEAS CORPUS AND
REQUESTING THE PARTIES TO ADDRESS THE TIMELINESS OF THE PETITION

On January 20, 2010, the petitioner, Andrew Roberts, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Roberts submits that in 2001 he was convicted in Milwaukee County Circuit Court of felony murder/armed robbery. He was sentenced to sixty years—thirty-five years confinement followed by twenty-five years of supervision. He is incarcerated at Waupun Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Roberts lists three overlapping grounds for relief. First, he contends ineffective assistance of "postconviction/appellate counsel" for failure to explain his rights regarding a direct appeal. Specifically, Roberts states that appellate counsel believed there was no merit to an appeal, and informed him of several options, including filing a no-merit appeal, closing the case, or withdrawing so that he could file an appeal pro se or with other counsel. Counsel told Roberts that he would close the file if Roberts did not respond by a certain date. Ultimately, no direct appeal was filed.

As for his second ground for relief, Roberts asserts that he was denied his right to appeal his conviction and sentence. The facts supporting this allegation are the same as for the first grounds for relief, which indicates that this is a claim of ineffective assistance of counsel. Third, Roberts maintains that he was never informed of his appeal rights and did not waive his right to counsel on appeal. Again, the same facts underlie this ground for relief.

Ineffective assistance of counsel is a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, the court cannot determine at this stage of proceedings that Roberts' claims are without merit.

Moving on, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to

2

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847.

Here, Roberts states in his petition that he did not appeal his conviction directly—indeed, this is the subject of the instant petition. However, he contends that he filed a petition for post-conviction relief with the Wisconsin courts in 2007 alleging ineffective assistance of appellate counsel, denial of the right to file a direct appeal, and violation of "equal protection." (Pet. 4.) He further states that the petition was denied on September 30, 2008, and that he appealed this decision to the state's highest court. (*Id.* at 4-5.) Thus, the court cannot conclude from the petition that Roberts has failed to exhaust his state remedies.

As for timeliness of the petition, the Antiterrorism and Effective Death Penalty Act (AEDPA) states that the statutory time limit on petitions for writs of habeas corpus is one year. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

*Id.* The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), Robert's time to bring a habeas corpus petition began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the pending petition, he was sentenced by the trial court on November 28, 2001, and he did not directly appeal his conviction. The petition further states that Roberts did not seek post-conviction relief in the Wisconsin courts until 2007 (he does not indicate a date of filing, but the Case No. is 2007AP1465), which was denied by the court of appeals on September 30, 2008. (Pet. 4-5.)

Thus, it appears that Roberts' conviction may have become final under § 2244(d)(1) at some point well before he first sought post-conviction relief. The statute of limitations for bringing a petition for a writ of habeas corpus is an affirmative defense normally raised by the respondent; thus, the court will ask the parties to first address the timeliness of the petition. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Now, therefore,

IT IS ORDERED that the Respondent shall file a brief addressing the timeliness of the petition within 30 days. The Petitioner shall have 30 days after being served with the Respondent's brief, to file his brief in response. The Respondent may file a reply brief within 15 days thereafter. If the Respondent does not contest the timeliness of the petition, he shall so inform the Petitioner and the court, then file an answer or other response to the petition in accordance with the Rules Governing § 2254 Petitions.

4

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Petitioner is advised that he must send copies of all future filings with the court to counsel for Respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address above.

This district's form regarding magistrate judge jurisdiction should be included with a copy of this order and returned by the Respondent as directed on that form.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE